IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 19-2029 |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MATTHEW CHANNON, | ) | D.C. No. 1:13-CR-00966-JCH-KK-1 |
| | ) | District of New Mexico |
| Defendant-Appellant. | ) | |

## MOTION FOR RECUSAL

Matthew Channon respectfully moves for the recusal of Judge Kelly from his appeal. The government opposes the requested relief.

This motion is based on an interaction between Mr. Channon and Judge Kelly that occurred following oral argument in this case. Mr. Channon's argument is, in short, that a reasonable observer could view this interaction, and the events that followed, as a display of impartiality. This argument is fully explained below.

## BACKGROUND

The limited facts relevant to this motion are as follows. These facts are principally derived from Mr. Channon's representations to undersigned counsel.[1] On March 12, 2020, Mr. Channon's case was argued in front of a three-judge panel in the

[1] A full history of Mr. Channon's case can be found in the opening brief filed before this Court in Case No. 19-2029.

Tenth Circuit Court of Appeals. The panel consisted of Judge Briscoe, Judge Kelly, and Judge Carson. *See* Case No. 19-2029.

Mr. Channon, who lives in New Mexico, flew to Denver to watch the argument. On his return flight, Mr. Channon was seated next to Judge Kelly. Mr. Channon and Judge Kelly engaged in conversation during the flight. The men talked about the crowding on the plane during boarding, about how both men had attended the same argument earlier in the day, and Mr. Channon mentioned to Judge Kelly that he was the judge who had ruled against him in his previous appeal. [2]

Upon departing the flight, Mr. Channon asked Judge Kelly whether Judge Kelly had ever met anyone whose life he had ruined through one of his opinions. When Judge Kelly responded in the negative, Mr. Channon stated "well now you have." As he was standing to leave, Judge Kelly responded that he had never ruined anybody's life. Mr. Channon, remaining seated, stated "Actually, you have. Good day, sir." Mr. Channon then turned away from Judge Kelly, and the two men eventually departed the airplane going their separate ways. Mr. Channon immediately emailed the attorney representing him at the time about this exchange.[3]

[2] Judge Kelly authored the opinion issued in Mr. Channon's first appeal. *United States v. Channon*, 881 F.3d 806 (10th Cir. 2018).

[3] After oral argument, Mr. Channon's attorney successfully moved to withdraw from his case. The Office of the Federal Public Defenders was appointed to represent Mr. Channon for the remainder of his appeal.

One day after the oral argument, Mr. Channon's probation officer called Mr. Channon and ordered him to report in-person that afternoon. Mr. Channon dropped everything, found child-care, and complied with the directive. At the meeting, two probation officers thoroughly questioned Mr. Channon about the conversation that Mr. Channon had with Judge Kelly. Toward the end of the meeting, one of the probation officers stated that Mr. Channon's account matched the information that they had. Neither Mr. Channon, nor Mr. Channon's then-attorney, had reported the incident to anyone. Mr. Channon's probation officer informed him that he was not in violation of his supervised release conditions but warned that any further conversations with any judge would constitute a violation and threatened that Mr. Channon might have to undergo a mental health evaluation if he engaged in any further ex-parte communications with judges.

Accordingly, Mr. Channon filed a pro se motion seeking to recuse Judge Kelly from his case. On March 31, 2020, this Court dismissed Mr. Channon's motion without prejudice. This Court instructed that counsel—who had been recently appointed—could renew Mr. Channon's motion at his discretion.

## ARGUMENT

Under 28 U.S.C. § 455(a) "any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Importantly, the test is purely objective. *United States v. Gipson*, 835 F.2d 1323, 1324 (10th Cir. 1988). What is *not* at issue is "the judge's actual state of mind,

purity of heart, incorruptibility, or lack of partiality." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993). The test only looks to "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992). Guiding this Court's analysis is its duty to "protect the very *appearance* of impartiality." *Gipson*, 835 F.2d at 1325.

Mr. Channon satisfies this objective standard. The initial test in this Court's analysis is whether "a reasonable *factual* basis exists for calling the judge's impartiality into question." *Cooley*, 1 F.3d at 993. Here, the reasonable factual basis is grounded in the conversation Mr. Channon had with the two probation officers. The probation officers were aware of Mr. Channon's conversation with Judge Kelly without Mr. Channon—or his attorney—having informed probation of the incident. By process of elimination, a reasonable person could infer that Judge Kelly reported the conversation he had with Mr. Channon to law enforcement as Judge Kelly was the only other person to know of the conversation. *See id.* ("The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom.").

Based on this inference a "reasonable person . . . would harbor doubts about the judge's impartiality." *United States v. Burger,* 964 F.2d 1065, 1070 (10th Cir.1992). As Judge Kelly's actual motivations are not at play, the only question is whether a reasonable observer could view the reporting of the conversation as an "outward manifestation" of impartiality. *Cooley*, 1 F.3d at 993. Such a view would be reasonable. A reasonable person could view the reporting of the conversation as an attempt to get

Appellate Case: 19-2020 Document: 010110334148 Date Filed: 04/15/2020 Page: 5

Mr. Channon in trouble with his probation officer. As a corollary, a reasonable person could question the judge's impartiality.

As noted, the actual motivations for reporting the incident are immaterial. Recusal is warranted when "the totality of the circumstances" create the mere "appearance" that a judge may be impartial. *United States v. Greenspan*, 26 F.3d 1001, 1006 (10th Cir. 1994). "There are few characteristics of a judiciary more cherished and indispensable to justice than the characteristic of impartiality." *Id.* at 1007. The purpose of recusal is "to promote public confidence in the integrity of the judicial process." *Liljeberg v. Health Servs. Corp.*, 486 U.S. 847, 859-60 (1988).

Here, recusal will serve to protect these "hallowed" principles. *Greenspan*, 26 F.3d at 1007. A reasonable person could doubt the impartiality of the system when a judge reports the behavior of a defendant to a law enforcement agency. In such a case, there is a basis for the belief that the judge harbors a bias against the defendant or that the judge's ability to remain impartial has been cast into doubt. Whether such bias actually exists is beside the point. All that matters is that there is an appearance of potential bias. Such an appearance exists here. Accordingly, recusal is warranted.

## CONCLUSION

For these reasons, Mr. Channon respectfully requests that Judge Kelly recuse from further participation in Mr. Channon's appeal.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender

*/s/ Grant R. Smith*
GRANT R. SMITH
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, Colorado 80202
Phone: (303) 294-7002
Email Address: Grant_Smith@fd.org

## CERTIFICATIONS

I certify that the following is true and correct to the best of my knowledge and belief, formed after a reasonable inquiry:

(1) This motion is proportionally spaced and contains 1130 words and therefore complies with the applicable type-volume limitations.

(2) Any required privacy redactions have been made.

(3) If required to file additional hard copies, the ECF submission is, except for any redactions, an exact copy of those hard copies.

(4) The ECF submission was scanned for viruses with the most recent version of a commercial virus-scanning program Symantec AntiVirus Corporate Edition, which is continuously updated, and, according to the program is free of viruses.

(5) On April 15, 2020, I electronically filed the foregoing using the CM/ECF system, which will send notification of this filing to opposing counsel: Paige Messec, AUSA, Email: paige.messec@usdoj.gov.

(6) I sent a copy of the foregoing, via email, to Matthew Channon.

*/s/ Grant R. Smith*
GRANT R. SMITH
Assistant Federal Public Defender