UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

No. 19-2029

vs.

MATTHEW CHANNON,

Defendant-Appellant.

## RESPONSE TO MATTHEW CHANNON'S MOTION FOR RECUSAL

The United States respectfully submits this response in opposition to Defendant-Appellant Matthew Channon's motion to recuse Judge Kelly from this appeal. The Court denied an initial motion filed pro se by Channon but allowed Channon's newly appointed counsel to refile the motion should he see fit. Through counsel Channon has now refiled an amended motion.

## I. Background

According to the affidavit that Channon submitted with his pro se motion, he and Judge Kelly were on the same flight from Denver to Albuquerque on March 12, 2020, the day his appeal in this matter was argued in Denver. Channon chose a middle seat next to Judge Kelly. He claims not to have recognized Judge Kelly until there was "no option to find another seat" — and yet, upon finding himself in this supposedly undesired situation, Channon chose

to strike up a conversation. Instead of informing Judge Kelly that he was Matthew Channon, a party to a pending appeal, Channon alluded to having been in Courtroom II earlier that morning and mentioned that Judge Kelly had ruled against him in the past (a statement that could apply to many an attorney). They then engaged in small talk. After an uneventful flight, Channon reengaged Judge Kelly in conversation, asking him if he had ever met someone whose life he had ruined by one of his opinions. Judge Kelly answered no. Channon countered "Now you have," to which Judge Kelly denied having ever ruined someone's life. Channon then insisted that Judge Kelly had, in fact, ruined someone's life, before bidding him a "Good day, sir."

According to the renewed motion that Channon filed through counsel, Channon's probation officer called him the next day and ordered him into the office, where he was questioned about his interaction with Judge Kelly. Channon surmises that Judge Kelly reported the incident to the United States Probation Office. Government counsel has learned that in reality, Judge Kelly notified the U.S. Marshals Service about the incident. Judge Kelly thought but was not certain that the man involved was Matthew Channon; he did not request that the Marshals take or initiate any action against Channon. A deputy U.S. Marshal, after verifying that the man on the plane was in fact Channon, independently determined that Channon's probation officer should be made aware of the inappropriate contact.

## II. Argument

Channon's motion relies upon 28 U.S.C. § 455(a), which instructs that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This requirement is intended "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015) (*quoting Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)). Section 455 establishes "an objective standard: disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality." *Id.* (quoting *In re McCarthey*, 368 F.3d 1266, 1269 (10th Cir. 2004)). "In conducting this review," a court asks "how these facts would appear to a well-informed, thoughtful and objective observer," who is "an average member of the public," not a "hypersensitive, cynical, and suspicious person." *Mathis*, 787 F.3d at 1310 (quoting *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004)).

"[A] judge has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require," *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995), and the statute "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice," *id.*

(quotation marks and citation omitted). A judge should not recuse himself on unsupported, irrational or highly tenuous speculation. *See Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

Turning to Channon's allegations, it cannot be said that his motion is lacking in chutzpah.[1] Where it falls short is legal merit. To begin, Channon has his facts wrong. He assumes that Judge Kelly reported the incident to the United States Probation Office, which he says could be viewed "as an attempt to get Mr. Channon in trouble with his probation officer." Motion at 4-5. Instead, Judge Kelly made a report of uninvited contact from a convicted felon and current litigant to the U.S. Marshals Service, the agency responsible for the security of federal judges — and an agency which cannot "get Mr. Channon in trouble" unless Channon has committed a federal crime, which Judge Kelly did not allege and which is not suggested by the facts.

Further, Section 455(a) is not designed to allow a litigant to manufacture the appearance of bias such as by purposefully engaging a judge in conversation and then insulting him. The provision "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *Cooley*, 1 F.3d at 993 (10th Cir. 1993). Threat cases, although involving more serious conduct than that at issue here, are nevertheless a helpful analogy. It is

[1] "Chutzpa is that quality enshrined in a man, who, having killed his mother and father, throws himself on the mercy of the court because he is an orphan." Leo Rosten, The New Joys of Yiddish 81 (2010).

well settled that "threats or other attempts to intimidate the judge" will not normally create a duty to recuse, *United States v. Cooley*, 1 F.3d 985, 994 (10th Cir. 1993) — even though a judge in such a situation would be expected to alert the U.S. Marshals to the threat. In *United States v. Greenspan*, 26 F.3d 1001, 1006 (10th Cir. 1994), the Court made it clear that litigants must be discouraged from acting badly in the hopes of obtaining a recusal. *Id*. at 1007. When a threat "is communicated directly to the judge by a defendant, it may normally be presumed that one of the defendant's motivations is to obtain a recusal, particularly if he thereafter affirmatively seeks a recusal." *Id*. at 1006. That situation does not call for recusal. *Id*.

Here, Channon purposefully engaged in conversation with Judge Kelly not once but twice. Following an opportunity to reflect after the first, innocuous exchange, Channon chose to reinitiate the conversation with a question designed to set up his imagined zinger. Channon then "affirmatively [sought] a recusal" of the judge that he believes has ruined his life. No reasonable observer acquainted with these circumstances would believe that Judge Kelly's reporting of the incident to the agency responsible for judicial security betrays any degree of impartiality. The Court should deny Channon's recusal motion.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

*s\ C. Paige Messec*
C. PAIGE MESSEC
Assistant U.S. Attorney
P. O. Box 607
Albuquerque, NM 87103
(505) 346-7274
paige.messec@usdoj.gov

CERTIFICATE OF SERVICE AND DIGITAL SUBMISSION

I HEREBY CERTIFY that the foregoing response was filed with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the appellate CM/ECF system on April 29, 2020. I ALSO CERTIFY that Grant R. Smith, attorney for defendant/appellant Matthew Channon, is a registered CM/ECF user, and that service will be accomplished by the appellate CM/ECF system. I ALSO CERTIFY that any required privacy redactions have been made. I ALSO CERTIFY that this document contains 1,120 words and that I relied on my word processor, Microsoft Word 2016, to obtain this count. I FURTHER CERTIFY that the digital submission of this document has been scanned for viruses with scanning program McAfee Agent, version number 5.6.1.308, most recently updated on 4/29/2020, and, according to the program, the file is free of viruses.

*s\ C. Paige Messec*
C. PAIGE MESSEC
Assistant United States Attorney